UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA KELLY,

    Plaintiff,

v.                                        Case No.  8:23-cv-02529-TPB-CPT

SANOFI-AVENTIS U.S. LLC, ET AL.

    Defendant.
_____/

**DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**

Pursuant to Rules 1 and 26 of the Federal Rules of Civil Procedure, Sanofi respectfully requests that this Court bifurcate discovery. Specifically, Sanofi requests that some records collection occur and that Plaintiff and her prescribing medical oncologist be deposed. The records and those two depositions will provide sufficient information for this Court to rule on dispositive motions involving statute of limitations and the learned intermediary doctrine. As discussed in depth below, nearly every case that has undergone case-specific discovery in the MDL has been dismissed at the summary judgment stage based on those two depositions. Sanofi submits that the bifurcated approach will save this Court's and the parties' resources.

Background

Plaintiff Patricia Kelly is one of the over 10,000 plaintiffs suing Sanofi for persistent hair loss allegedly caused by Taxotere chemotherapy treatment. (Dkt. 1). Thus far, over 40 cases have been remanded to the Middle District of Florida. As

such, Sanofi is exploring ways for the courts and the parties to conserve resources to manage this influx of cases.

After her March 18, 2008 cancer diagnosis, Plaintiff initiated this case about eleven and a half years later, on October 8, 2019, through a short form complaint in MDL 2740. (Dkt. 1). Plaintiff's case was recently transferred from the MDL to this Court as part of a Wave 2 remand. (Dkt. 2). To date, there has been no case specific discovery, including discovery related to threshold issues like statute of limitations and learned intermediary. Discovery bifurcation would benefit this Court and all parties. Bifurcation will likely lead to a speedy, cost-effective, and just resolution. As discussed below, if this Court allows discovery bifurcation then it will be in good company with courts across the country that have quickly resolved MDL 2740 remanded cases.

## Standard

This Court has broad discretion on the sequence and timing of discovery. Fed. R. Civ. P. 26(d)(3); *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling."). This Court may also separate issues and claims for "convenience, to avoid prejudice, or to expedite and economize." *See generally Gilbert v. State Farm Mut. Auto. Ins. Co.*, 311 F.R.D. 685, 686 (M.D. Fla. Nov. 5, 2015) (applying Rule 42 of the Federal Rules of Civil Procedure).[1] The aim is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R.

---

[1] Defendants are not asking to bifurcate trial.

Civ. P. 1. Florida federal courts find bifurcation particularly helpful when it can lead to an early and efficient resolution on a threshold issue like standing, statute of limitations, or the like. *See, e.g.*, *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-60798-CIV, 2012 WL 7856269, at *2 (S.D. Fla. Nov. 27, 2012) (Rosenbaum, J.); *Hall v. Sanofi US Servs. Inc.*, No. 8:23-cv-1176-KKM-TGW (Dkt. 32) (bifurcating discovery in Wave 1 MDL 2740 remanded case).

## Argument

Sanofi respectfully requests a bifurcation approach to address threshold issues efficiently in this case. In particular, Sanofi suggests that this Court permit limited records collection, Plaintiff's deposition, and Plaintiff's prescribing medical oncologist deposition. After that discovery is complete, Sanofi requests early dispositive motion practice based on statute of limitations and learned intermediary grounds. The records and two depositions will provide sufficient information for this Court to rule on dispositive motions involving statute of limitations and the learned intermediary doctrine.

The MDL Court has repeatedly decided this issue in cases based on the plaintiff and prescribing medical oncologist deposition. Likewise, other federal district courts presiding over recently-remanded Taxotere cases have allowed Sanofi to bring early Rule 56 motions based on statute of limitations. *See* Dkt. 8 at 40–44 (MDL Transfer Order summarizing prior MDL statute-of-limitations decisions).

In the MDL, Sanofi has moved for judgment against multiple plaintiffs based on the statute of limitations under Louisiana and Mississippi law—and it prevailed in

3

all but two cases.² The majority of these decisions were premised on allegations set forth in the MDL Master Complaint and/or plaintiffs' deposition testimony.³ None required or were predicated on the consideration of expert evidence.⁴ The Fifth Circuit affirmed the MDL Court's rulings in the only four cases to have addressed the statute of limitations issue on appeal.⁵ In particular, the Fifth Circuit has found that there has been publically available information alleging a connection between Taxotere and persisting hair loss as early as 2006 thus alerting a reasonably diligent plaintiff. *See* Transfer Order, at 31–32 (*citing In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 995 F.3d 384, 393–94 (5th Cir. 2021) (affirming summary judgment on limitations grounds in three

---

² *See In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Johnson*), 2019 WL 2995897, at *3–4 (E.D. La. July 9, 2019) (granting Sanofi's motion as to plaintiffs Francis and Johnson under Louisiana law, but denying motion as to plaintiff Earnest); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Thibodeaux*), 2020 WL 8257755, at *1 (E.D. La. Jan. 23, 2020), *aff'd*, 995 F.3d 384 (5th Cir. 2021) (*Thibodeaux II*) (same); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Durden*), 2020 WL 4228375, at *1 (E.D. La. July 23, 2020), *aff'd*, 860 F. App'x 886 (5th Cir. 2021) (*Durden II*) (same); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Sanford*), 2020 WL 4038971, at *1 (E.D. La. July 17, 2020) (granting Hospira's motion under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Greer*), 2021 WL 230243, at *1 (E.D. La. Jan. 22, 2021) (granting Sanofi's motion for judgment on the pleadings under Mississippi law); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Hughes*), 2021 WL 6201313, at *1 (E.D. La. Apr. 28, 2021) (granting Accord's motion under Louisiana law); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Roach*), 2021 WL 2042212, at *1 (E.D. La. May 21, 2021) (granting Sanofi's motion under Mississippi law); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Smith*), 2021 WL 3006968, at *1 (E.D. La. July 14, 2021) (same); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Plaisance*), 2022 WL 644166, at *1 (E.D. La. Feb. 22, 2022) (granting Hospira's motion under Louisiana law); *see also* Transfer Order, Dkt. 8 at 26 (noting that "the Court dismissed the claims of 223 Mississippi Plaintiffs under the statute of limitations" based on the reasons articulated in *Greer*); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*Kahn*), 2020 WL 1815854, at *3 (E.D. La. Apr. 7, 2020) (denying Sanofi's motion for summary judgment as to plaintiff Kahn).

³ *See, e.g.*, *Johnson*, 2019 WL 2995897, at *3–4 (basing its holding on plaintiff's complaint and testimony); *Durden*, 2020 WL 4228375, at *2–3 (same); *Sanford*, 2020 WL 4038971 at *3–4 (same); *Hughes*, 2021 WL 6201313, at *2–4 (same); *Roach*, 2021 WL 2042212, at *1–4 (same); *Smith*, 2021 WL 3006968, at *1–4 (same); *Plaisance*, 2022 WL 644166, at *2–4 (same).

⁴ *See, e.g.*, *supra* n.2.

⁵ *See Thibodeaux II*, 995 F.3d at 388–95 (affirming dismissal of Ms. Francis's, Ms. Johnson's, and Ms. Thibodeaux's claims as time-barred); *see also Durden II*, 860 F. App'x at 891–92 (affirming dismissal of Ms. Durden's claims as time-barred).

4

cases); *see also In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 860 F. App'x 886 (5th Cir. 2021) (affirming summary judgment on limitations grounds in one case).

In the related and coordinated Multi-County Litigation ("MCL") in New Jersey Superior Court, the MCL Court also allowed Sanofi to file early summary judgment motions in four lead bellwether cases where limited case-specific discovery, including depositions of plaintiffs, had occurred, but expert discovery had not begun. The MCL Court held that all four plaintiffs' claims were time-barred under New Jersey's two-year statute of limitations.[6]

Post-remand, several other federal district courts presiding over remanded Taxotere cases have agreed that a determination of whether plaintiffs' claims are time-barred is ripe to be decided prior to the completion of fact and expert discovery. Each of these district courts across the country are permitting Sanofi to file early summary judgment motions on the statute of limitation issue.[7] Notably, in *Hall*, another Middle District of Florida remand case, Judge Mizelle permitted early dispositive motion practice based on the plaintiff and prescribing medical oncologist deposition. *See Hall*

---

[6] *See Adams v. Sanofi et al.*, Order Granting Sanofi Summ. J. Mot., Doc. MID-L-006088-18, MCL No. 628 (N.J. Super. Ct. Law Div. June 8, 2023) (granting Sanofi's motion against Adams and attaching memorandum and opinion dismissing claims of four plaintiffs—Adams, King, Linton, and Massey—under New Jersey law). Plaintiffs' motion for reconsideration was denied on August 29, 2023.

[7] *Ayers v. Sanofi US Servs. Inc., et al.*, No. 1:23-cv-02347-SEG, Dkt. 29 (N.D. Ga June 23, 2023); *Ali v. Sanofi US Servs. Inc., et al.*, No. 3-23-cv-02694-JSC, Dkt. 32 at 1 (N.D. Ca July 6, 2023); *Hodges v. Sanofi US Servs. Inc., et al.*, No. 2:23-cv-02120-CSB-EIL, Dkt. 22 (C.D. Ill. July 10, 2023); *Hall v. Sanofi US Servs. Inc., et al.*, No. 8:23-cv-1176-KKM-TGW, Dkt. 32 at 1 (M.D. Fla. July 14, 2023); *Dorman v. Sanofi US Servs. Inc., et al.*, No. 1:23-cv-920-JMS-MKK, Dkt. 36 at 10 (S.D. Ind. July 14, 2023; *Cary v. Sanofi US Servs. Inc., et al.*, No. 8:23-cv-230-BCB-CRZ, Dkt. 33 at 1 (D. Neb. July 20, 2023); *Bogan v. Sanofi US Servs. Inc., et al.*, No. 8:23-CV-229-BCB-CRZ, Dkt. 33 at 1 (D. Neb. July 20, 2023); *Newcomb v. Sanofi US Servs. Inc., et al.*, No. 1:23-cv-01095-SO, Dkt. 19 at 2 (N.D. Ohio July 27, 2023).

*v. Sanofi U.S. Servs. Inc. et al*, No. 8:23-cv-1176-KKM-TGW, Case Management and Scheduling Order (Dkt. 32).

Other Florida Courts have also recently allowed early dispositive motion practice. Specifically, in the Southern District of Florida, Judge Rosenberg allowed early dispositive motion practice in three similarly situated cases—*Roundtree*, *Kokonski*, and *Brockman*. *See Roundtree v. Sanofi US Servs., Inc., et al.*, Case No. 9:23-cv-81484 (S.D. Fla. Dec. 27, 2023) [ECF No. 17] (Order Setting Status Conference, Calendar Call, Pretrial Deadlines, and Trial Date, and Order of Reference to Mediation); *Kokonski v. Sanofi US Servs., Inc., et al.*, Case No. 9:23-cv-81472 (S.D. Fla. Dec. 22, 2023) [ECF No. 19] (same); *Brockman v. Sanofi US Servs., Inc., et al.*, Case No. 9:23-cv-81428 (S.D. Fla. Jan. 4, 2024) [ECF No. 23] (same). And in the Northern District of Florida, Judge Rodgers permitted early dispositive motion practice in *Mims* and *McElrath*. *See Mims v. Sanofi US Servs., Inc., et al.*, Case No. 3:23-cv-24723 (N.D. Fla.); *McElrath, et al. v. Sanofi US Servs., Inc., et al.*, Case No. 3:23-cv-12137 (N.D. Fla.).

Similarly, in *Maxwell v. Sanofi*, an Eleventh Circuit, Southern District of Alabama remand case, Sanofi moved for judgment on the pleadings contending that Ms. Maxwell's claims are time-barred. After a hearing, the court granted Sanofi's request and dismissed the case. *Maxwell v. Sanofi-Aventis U.S. LLC, et al.*, No. 2:23-cv-696-ACA, Memorandum Opinion Dismissing Case with Prejudice (Oct. 27, 2023) (Dkt. 44).

Sanofi has also had success with early dispositive motion practice in the first remand case faced with early dispositive motion practice. Judge Corley in the Northern District of California permitted early motion practice in a remanded case. After hearing oral argument in September 2023, Judge Corley found the case was time-barred and worthy of dismissal. *Ali v. Sanofi US Servs. Inc.,* No. 3:23-cv-02694-JSC, Order Granting Defs.' Mot. for Summ. J. (Sept. 29, 2023) (Dkt. 49).

For all of these reasons, Sanofi requests limited discovery and leave from this Court to file early motions for summary judgment based on statute of limitations and the learned intermediary doctrine. Sanofi also seeks to preserve its right to file a second summary judgment motion in this case on all remaining dispositive issues at the close of fact and expert discovery, if this Court does not grant the earlier motion.

Local Rule 3.01(g) Certification

The parties conferred about this instant motion. Plaintiff opposes.

Respectfully submitted,

*/s/ Connor J. Sears*
Connor J. Sears
LEAD COUNSEL
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
csears@shb.com

Ara K. Ayvazian
**SHOOK, HARDY & BACON L.L.P.**
100 North Tampa Street, Suite 2900
Tampa, FL 33602-5810
Telephone: 813-202-7100

        Facsimile: 813-221-8837
        aayvazian@shb.com

        ***Attorneys for Sanofi US Services Inc., f/k/a Sanofi-Aventis U.S. Inc. and Sanofi-Aventis U.S. LLC***